UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Kim Lanham,<br>    *Plaintiff*,<br><br>        *v.*<br><br>Eric K. Shinseki, Secretary of Veterans Affairs,[1]<br>    *Defendant*. | Civil No. 3:07cv1841 (JBA)<br><br><br><br>September 4, 2009 |

ORDER AND RULING ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT [Doc. # 16]

Plaintiff Kim Lanham, an African-American woman working as Lead Transportation Specialist at the West Haven branch of the Department of Veterans Affairs ("DVA"), brings suit against the DVA, alleging that it discriminated against her on the basis of her race and gender in failing to promote her into the position of Supervisory Program Specialist in the Spring of 2006, in violation of Title VII of the Civil Rights Act of 1964, as amended. Defendant has moved for summary judgment, which, for the reasons that follow, will be granted.

I.   Background

The Connecticut operation of the DVA ("VA Connecticut") includes at least two campuses, one in West Haven and the other in Newington. Ms. Lanham began working for VA Connecticut in December 1993 as a Ward Clerk in the Medical Administration Service. In 1995 she became a Details Clerk in the same service, and in 1997, she began working in

---

[1] Pursuant to Federal Rule of Procedure 25(d), the Court substitutes Eric K. Shinseki for Gordon H. Mansfield. The Clerk is directed to amend the caption accordingly.

the West Haven office of VA Connecticut's newly-created Transportation Program. Although the record does not contain any description of this Program, it appears from Ms. Lanham's description of her work that the Program handles emergency and non-emergency transportation needs for veterans who are patients at VA hospitals, including the VA Medical Center in West Haven.

Kurt Mischke was Ms. Lanham's supervisor in West Haven between March 2001 and October 2005. He then he received a promotion to a higher supervisor's position stationed in Newington. According to Ms. Lanham, she assumed Mr. Mischke's responsibilities in West Haven, but not his title or rank, and remained at GS-8. (Lanham Aff., Pl.'s Ex. A, at ¶ 7.) On March 22, 2006, approximately six months after Mr. Mischke was promoted to Newington, VA Connecticut published a Vacancy Announcement for a position called "Supervisory Program Specialist" at the GS-9 or GS-10 salary level. (Vacancy Announcement, Def.'s Ex. 10.) The Supervisory Program Specialist would become the new supervisor for the person in Ms. Lanham's position.

Nine candidates—including Ms. Lanham and Theodore Anthony DiMone, Jr.—were interviewed by a panel, and four of them were ranked. Mr. DiMone was ranked first, and Ms. Lanham was ranked fourth. After receiving the panel's rankings, Leo Calderone, then Acting Associate Director and Executive Assistant to the Director of VA Connecticut, in consultation with the panelists, came to a "unanimous[]" decision to hire Mr. DiMone. (Calderone EEO Aff., Def.'s Ex. 5, at ¶ 48). Thereafter, on Tuesday, May 9, 2006, the chief

human resources officer at VA Connecticut sent Ms. Lanham a form memorandum stating: "You were qualified and referred for consideration, but not selected. . . . The following qualified candidate from outside the VA was selected: Anthony DiMone, Jr." (Memorandum to Lanham, Def.'s Ex. 16.)  On the same day, he sent Mr. DiMone a letter offering him the position, listing an "[e]ffective [d]ate" of Sunday, May 14, 2006 and a "[r]eport [d]ate" of Monday, May 15, 2006.  (Letter to DiMone, Def.'s Ex. 17.)

Ms. Lanham believed the decision to hire Mr. DiMone constituted race and gender discrimination.  According to the Investigative Report of Ms. Lanham's claims by the DVA's Office of Resolution Management, after Ms. Lanham "was notified of her non-selection for [the] Supervisory Program Specialist position," she "contacted an EEO Counselor on June 30, 2006," 47 days after the effective date of Mr. DiMone's hire.  After counseling was unsuccessful in resolving her complaint, Ms. Lanham "filed a formal complaint on August 1, 2006."  (ORM Investigative Report, Pl.'s Ex. J, at 3; *see also* Plaintiff's Complaint of Employment Discrimination to ORM, Def.'s Ex. 18, at 1 (listing June 30, 2006 as Plaintiff's "date of initial contact with ORM").)  Her claim was denied at various levels of administrative review, and on November 14, 2007, the DVA's Office of Employment Discrimination Complaint Adjudication issued a Final Agency Decision applying "the analytical framework in *McDonnell Douglas*" to her claims and evidence and concluding that she had not proffered any evidence rebutting VA Connecticut's legitimate,

3

nondiscriminatory rationales or suggesting that such rationales were pretextual. (Final Agency Decision, Pl.'s Ex. L, at 9–10.) She filed suit one month later.

II.    Summary Judgment

Summary judgment is appropriate where the record after discovery "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is "material" if it "might affect the outcome of the suit under the governing law," and is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based on it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The moving party bears the burden of showing that [it] is entitled to summary judgment." *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The non-moving party, in order to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his or her favor. *Anderson*, 477 U.S. at 249. In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant "need not prove a negative," but "need only point to an absence of proof on plaintiff's part, and, at that point, plaintiff must 'designate specific facts showing that there is a genuine issue for trial.'" *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The Court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in [her] favor." *Id.* (quotation omitted, second alteration in original). If the record as a whole, viewed in the light most favorable to the non-moving party, "could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment should follow. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quotation marks omitted).

III.   Timeliness of Exhaustion of Administrative Remedy

Defendant argues that Ms. Lanham is time-barred from asserting her claim in federal court because she did not timely complain of discrimination to the ORM. Defendant relies on the timing requirements contained in the regulations governing complaints of discrimination in federal-sector employment, which provide in relevant part:

> (a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
>
>   (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.
>
>   (2) The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a). The VA Connecticut's letter informing Ms. Lanham of her non-selection is dated May 9th, and in the absence of evidence to the contrary, the Court presumes that Ms. Lanham received that letter by May 12, 2006. *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525–26 (2d Cir. 1996) ("Normally it is assumed that a mailed document is received three days after its mailing . . . in the absence of evidence to the contrary" that rebuts that "initial presumption") (citing and discussing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 & n.1 (1984)). In addition, the parties agree that

May 14, 2006 is "the effective date of the action" for purposes of § 1614.105(a)(1), and Plaintiff concedes that she "contacted the EEO counselor at the VA on June 30, 2006, more than 45 days after she had notice of the adverse employment action." (Pl.'s Opp'n at 6; *compare* Def.'s Supp. at 8.) At oral argument, Plaintiff's counsel agreed that Ms. Lanham's request was untimely. Plaintiff has made no claim, and there is no record evidence to support any claim, that Plaintiff did not know or had not been notified of the deadlines for contacting an EEO Counselor.

Nonetheless, relying on *Briones v. Runyon*, 101 F.3d 287 (2d Cir. 1996), Plaintiff argues that "the defendant is estopped from raising the time limitation to contact an EEO counselor" because the agency "processed the complaint." (Pl.'s Opp'n at 6–7.) At oral argument Plaintiff's counsel confirmed that it was the fact that the DVA processed Ms. Lanham's complaint notwithstanding her untimely contact with the EEO counselor that constituted her evidentiary basis that the DVA was "estopped" from now claiming untimeliness. Further, Plaintiff's counsel urged that the language of § 1614.105(a)(2) recommends an expansive and lenient reading of the timeliness requirements because it lists circumstances in which the employing agency or the Equal Employment Opportunity Commission ("EEOC") must extend the deadline for an aggrieved employee to contact an EEO Counselor and thus demonstrates an intent to be flexible. These arguments misread the regulation and the caselaw.

First, an expansive or flexible reading of § 1614.105(a) is inappropriate because compliance with pre-suit administrative procedures, including exhaustion of remedies, for claims of discrimination "is a condition of the waiver of sovereign immunity and thus must be strictly construed." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94, 95–96 (1990).

6

Second, the Second Circuit has never held that processing of an untimely administrative complaint of discrimination estops an agency from later asserting the affirmative defense of untimeliness in federal court. In *Briones*, the Second Circuit adopted the Ninth Circuit's holding in *Girard v. Rubin*, 62 F.3d 1244 (9th Cir. 1995) that when defending against a Title VII claim, "'the government cannot be at war with itself. Protean though it may sometimes be, it cannot in its EEOC form say that the employee may go forward, while in [another agency] form it says [s]he may not.'" *Briones*, 101 F.3d at 290–91 (quoting *Girard*, 62 F.3d at 1248). *Briones* held that "a governmental agency defendant may not have 'a second bite at the apple' by arguing lack of timely filing in federal court after failing to challenge an EEOC determination that the complaint was timely filed." It further held that where "the EEOC ma[kes] an *express finding* that the complaint was timely" and "the [employing agency] neither appeal[s] the EEOC's determination nor refuse[s] to proceed, but, rather, beg[ins] its investigation," the government waives any defense of untimeliness. *Id.* 291 (emphasis added). However, where, as here, no agency has made any express finding about timeliness, the *Briones* waiver rule does not apply. *See Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001) ("adopt[ing] th[e] rule" of the Second Circuit's "sister circuits," and quoting *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992) ("In order to waive a timeliness objection, the agency must make a specific finding that the claimant's submission was timely.")).

Further, as a general matter, "government 'agencies do not waive a defense of untimely exhaustion merely by accepting and investigating a discrimination complaint.'" *Belgrave*, 254 F.3d at 387 (quoting *Bowden v. United States*, 106 F.3d 433, 438 (D.C. Cir. 1997)). While the "timeliness requirement" of 29 C.F.R. § 1613.105(a)(1) "is not

7

jurisdictional, and the filing deadline is subject to waiver, estoppel, and equitable tolling," *Bruce v. United States Dep't of Justice*, 314 F.3d 71, 74 (2d Cir. 2002); *see also Briones*, 101 F.3d at 290 ("the statutory requirement for filing is analogous to a statute of limitations and is, therefore, considered subject to waiver, estoppel, and equitable tolling"); *Boos v. Runyon*, 201 F.3d 178, 182 (2d Cir. 2000) ("the exhaustion requirement, while weighty, is not jurisdictional"), it is the plaintiff's burden to demonstrate the applicability of tolling, waiver, or estoppel to the administrative remedy timing requirements under § 1614.105(a)(1), *see Belgrave*, 254 F.3d at 387 (affirming summary judgment, solely on the basis of untimely exhaustion of administrative remedies, where plaintiff "failed to assert a valid basis for finding that the government had waived that defense"); *Khaleel v. Potter*, 307 F. App'x 527, 528–29 (2d Cir. 2009) (affirming district court grant of "summary judgment on the sole ground that plaintiff had not exhausted his administrative remedies prior to filing []his lawsuit," and noting that the plaintiff's request for counseling was untimely and the "plaintiff had not demonstrated why either waiver or equitable estoppel should apply to his untimely request for counseling"); *see also Boos*, 201 F.3d at 185 ("The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff.").

   Because Ms. Lanham cannot point to any express finding of timeliness of her EEO counselor contact by any agency, there is no basis on which to conclude that the government has waived its defense. As a result, the timeliness requirement of 29 C.F.R. § 1613.105(a)(1), operating as a statute of limitations on Ms. Lanham's claims, bars her from seeking relief in this Court, and summary judgment must be granted to the DVA.

IV.     Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment [Doc. # 16] is GRANTED. The Clerk is directed to amend the caption to reflect the name of the current Secretary of Veterans Affairs (*see* note 1), and to close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of September, 2009.